**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugenia Derden,<br><br>  Plaintiff,<br><br>vs.<br><br>Maricopa County,<br><br>  Defendant. | No. CV 07-0393-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's "Motion for Amended Default Judgment" (Dkt. 17), which the Court will treat as a motion to Reconsider its Order granting Defendant's Motion to Dismiss (Dkt. 12).

Plaintiff, appearing pro se, filed the Complaint in this action on February 21, 2007. (Dkt. 1, Compl.)  On that same date, the Clerk of the Court issued a summons as to Defendant Maricopa County. (See Dkt. Report.) Per the Federal Rules of Civil Procedure, Plaintiff had 120 days to effect service of process by serving Defendant with the summons and a copy of the Complaint. Fed. R. Civ. P. 4(m). Although the Clerk of the Court issued the summons, it was Plaintiff's responsibility to serve Defendant with the summons and a copy of the Complaint by June 21, 2007. Fed. R. Civ. P. 4(c)(1), 4(m). The Court reminded Plaintiff of this obligation in its Standard Civil Track Initial Order. (Dkt. 3, Order dated Feb. 26, 2007.)

On July 17, 2007, Defendant filed a Motion to Dismiss the case for failure to effect service within the time limits set forth in Rule 4. Defendant asserted that Plaintiff mailed copies of the summons and Complaint to the Clerk of the Board of Supervisors, copies which were not

1 received until July 9, 2007. (Dkt. 4, Def.'s Mot. to Dismiss.) Defendant noted that the Federal
2 and Arizona Rules of Civil Procedure required service be made by delivering a copy of the
3 summons and Complaint to the chief executive officer, secretary, clerk, or recording officer
4 thereof. (Id. at 2 n.1, citing Fed. R. Civ. P. 4(j)(2), Ariz. R. Civ. P. 4.1(i).)

5 Plaintiff filed a Motion to Quash Defendant's Motion to Dismiss, and a Motion to
6 Continue Tort Complaint. (Dkts. 5, 7.) The Court struck Plaintiff's Motion to Quash as an
7 improper responsive motion, and denied Plaintiff's Motion to Continue as vague. (Dkt. 8, Order
8 dated Aug. 14, 2007.) The Court also ordered Plaintiff to respond to Defendant's Motion to
9 Dismiss by August 24, 2007, and warned her that failure to respond could result in dismissal
10 of the case. (Id.) A copy of the Order was mailed to Plaintiff and returned as undeliverable.
11 (Dkt. 9.) Plaintiff never responded to Defendant's Motion to Dismiss, but filed a motion for
12 default judgment for failure to answer or otherwise respond, a motion which Defendant moved
13 to strike. (Dkts. 10, 11.)

14 On September 19, 2007, the Court deemed Plaintiff's failure to respond as a consent to
15 granting the Motion to Dismiss, granted the Motion to Dismiss, and dismissed the action
16 without prejudice. (Dkt. 12.) The Court denied Plaintiff's motion for default judgment and
17 Defendant's motion to strike as moot. (Id.) The Clerk of the Court entered judgment in favor
18 of Defendant and closed the case. (Dkt. 13.) Copies of these documents were mailed to
19 Plaintiff and appear to have been delivered, as they were not returned as undeliverable, though
20 a later document was mailed and returned as undeliverable. (See Dkt. 16.)

21 On February 28, 2008, Plaintiff filed a motion for amended default judgment. (Dkt. 17)
22 The Court will treat as a motion to reconsider despite its untimeliness. Fed. R. Civ. P. 52(b),
23 59(e) (motions to alter or amend judgment must be filed within 10 days of entry of judgment).
24 In that motion, Plaintiff asserts that she responded to Defendant's Motion to Dismiss by filing
25 a "Rule 12 Motion moving this Court to Quash Defendant's first defence Motion explaining that
26 she had been under Duress . . . of Imprisonment." (Dkt. 17 at 2.) Plaintiff also asserts that
27 Defendant and the Court violated various constitutional, statutory, and procedural rules.
28

1  Plaintiff does not address her failure to respond to Defendant's Motion to Dismiss by the Court-ordered deadline of August 24, 2007, most likely because she did not receive a copy of the Order striking her "Motion to Quash." In this case, the Complaint and Civil Cover Sheet list Plaintiff's address as "405 E. Linda Lane, Gilbert AZ 85234." (Dkt. 1.) As a result, the Court mailed copies of its orders to that address. Other documents filed by Plaintiff add "UC" to her address, apparently to indicate "Unit C," though other documents do not contain this addendum. (Compare Dkts. 5, 17 with Dkts. 7, 10.)

Plaintiff did not effect service of process within the 120-day time limit, nor did she respond to Defendant's Motion to Dismiss as ordered by the Court. Although Plaintiff's failure to respond may have resulted from her failure to receive a copy of the Court's Order, it was Plaintiff's responsibility to insure that the Court had an accurate mailing address. See LRCiv 83.3(d). The Court therefore affirms its Order dismissing this case and denies Plaintiff's motion for amended default judgment. As dismissal was without prejudice, Plaintiff may pursue this matter by filing a new complaint and paying a filing fee.

The Court notes that Plaintiff has contacted the Court via personal letter and telephone calls. The proper way to communicate with the Court is by filing formal motions and notices, which the Court responds to by issuing orders; the Court does not respond to personal communications. Although the rules of procedure may be difficult to navigate for a pro se litigant, our system of justice requires that they be followed. This matter having been terminated, the Court will not entertain any further motions. Defendant shall not be required to respond to any further motions as they shall be summarily denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for amended default judgment (Dkt. 17) is **DENIED**. This matter shall remain closed, and any further motions shall be summarily denied.

DATED this 12th day of March, 2008.

Stephen M. McNamee
United States District Judge